2013 AUG -5 AM 8: 36



IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 68239-3-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| STEVEN RAY LITTLEBEAR, | ) | |
| | ) | |
| Appellant. | ) | FILED: August 5, 2013 |

SCHINDLER, J. — Steven Ray Littlebear pleaded guilty to child molestation in the first degree. Littlebear challenges the condition in the judgment and sentence prohibiting him from having unsupervised contact with minors, including his own children. We affirm.

## FACTS

On August 15, 2003, the State charged Steven Ray Littlebear with child molestation in the first degree of eight-year-old W.D. The State alleged that while W.D. was watching television with "uncle" Steve, "he put his hand up her shirt and touched her bare breast." W.D. told him to stop. Instead, Littlebear "stuck his hand down her pants and touched her vagina."[1]

---

[1] On June 16, 2004, the State filed a first amended information alleging Littlebear committed child molestation of W.D. between May 2003 and July 2003.

Littlebear admitted that he had "sexual contact with WD" and agreed to plead guilty to child molestation in the first degree. Littlebear obtained a sexual deviancy evaluation. Dr. William Coleman recommended sexual deviancy treatment subject to a number of conditions, including no unsupervised contact with minors. The State agreed to recommend a "Special Sexual Offender Sentencing Alternative" (SSOSA) under RCW 9.94A.670.[2]

The court found that Littlebear knowingly, intelligently, and voluntarily entered into the plea agreement, and accepted the plea. The court exercised its discretion to impose a SSOSA. The court found Littlebear "is a sex offender who is eligible for the special sentencing alternative."

The court sentenced Littlebear to 51 months of confinement suspended on condition he serve six months, successfully complete sex offender treatment with Dr. Coleman for the 36-month period of community supervision, and comply with the conditions in "Appendix H Community Placement / Custody." Appendix H prohibits contact with W.D. for the statutory maximum of the crime. Appendix H also prohibits contact "with minors (to include your own children) . . . unless otherwise authorized by

---

[2] The plea agreement states, in pertinent part:

The judge may suspended [sic] execution of the standard range term of confinement or the minimum term of confinement under the special sex offender sentencing alternative (SSOSA) if I qualify under RCW 9.94A.670. If the judge suspends execution of the standard range term of confinement for a sex offense that is not listed in paragraph 6(f)(i), I will be placed on community custody for the length of the suspended sentence or three years, whichever is greater. If the judge suspends execution of minimum term of confinement for a sex offense listed in paragraph 6(f)(i), I will be placed on community custody for the length of the statutory maximum sentence of the offense. In addition to the term of community custody, I will be ordered to serve up to 180 days of total confinement; I will be ordered to participate in sex offense treatment; I will have restriction and requirements placed upon me and I will be subject to all of the conditions described in paragraph 6(e). Additionally, the judge could require me to devote time to a specific occupation and to pursue a prescribed course of study or occupational training. If a violation of the sentence occurs during community custody, the judge may revoke the suspended sentence.

the Department of Corrections and treatment provider with an adult sponsor approved by the provider and Department of Corrections."

In November 2009, the Washington State Department of Corrections (DOC) filed a notice of violation. DOC asserted Littlebear failed to participate in sex offender treatment and used methamphetamines. In March 2010, the court granted Littlebear's request for an extension of DOC supervision to complete his sex offender treatment.

In September 2011, DOC recommended the court revoke the SSOSA based on Littlebear's noncompliance with sex offender treatment. The court entered an order revoking the SSOSA. The court imposed the suspended term of confinement, and ordered Littlebear to serve 36 months on community custody and comply with the conditions of community custody in Appendix H.

On January 31, 2012, Littlebear filed an appeal of the order revoking the SSOSA. For the first time, Littlebear argued the community custody condition prohibiting contact with minor children, including his own children, violated his constitutional rights. While the appeal was pending, the State and Littlebear agreed to a hearing to address the community custody condition.

Before the hearing, the State submitted the "Pre-Sentence Investigation" report dated February 8, 2006; the sexual deviancy evaluation; and the affidavit of Richard DeBay, the DOC community corrections officer who supervised Littlebear beginning in 2003.

There was no dispute that Littlebear had little or no contact with his children. DeBay states that Littlebear has two sons by two different women, and that Littlebear

"did not even know the existence of one of his sons for about three years." DeBay said that Littlebear also mentioned a six-year-old girl but denied parentage.

DeBay strongly recommended that Littlebear have no contact with minor children, including his own children. DeBay states, in pertinent part:

> Over the course of the five years I supervised Mr. Littlebear he has shown that he is not willing to comply with his conditions of supervision, conditions of sex offender treatment and be honest with people he has to deal with. I would not recommend that Mr. Littlebear have contact with minors, including his own children, as he is an untreated sex offender who victimized a minor child who called him "Uncle" and has not demonstrated through actions his willingness to follow directions of the rules set forth to him.

The court concluded the community custody condition prohibiting Littlebear from having contact with minor children, including his own children, was reasonably necessary. The court entered findings of fact and conclusions of law. The court found that because Littlebear did not complete sex offender treatment and the victim was approximately the same age as his children, the condition was reasonably necessary.

## ANALYSIS

Littlebear contends the condition prohibiting him from having contact with his children violates his fundamental rights as a parent.

The Sentencing Reform Act of 1981, chapter 9.94A RCW, authorizes the trial court to impose "crime-related prohibitions" as a condition of a sentence. RCW 9.94A.505(8). A "crime-related prohibition" prohibits "conduct that directly relates to the circumstances of the crime for which the offender has been convicted." RCW 9.94A.030(10). We review the imposition of crime-related prohibitions for abuse of discretion. In re Pers. Restraint of Rainey, 168 Wn.2d 367, 374, 229 P.3d 686 (2010).

4

A court abuses its discretion if it applies the wrong legal standard. Rainey, 168 Wn.2d at 375.

Parents have a fundamental right to raise their children without State interference. In re Custody of Smith, 137 Wn.2d 1, 15, 969 P.2d 21 (1998); Santosky v. Kramer, 455 U.S. 745, 753, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982). Nonetheless, the sentencing court can place limits on the fundamental right to parent subject to reasonable regulations when reasonably necessary to further the State's compelling interest to protect the child. City of Sumner v. Walsh, 148 Wn.2d 490, 526, 61 P.3d 1111 (2003); State v. Warren, 165 Wn.2d 17, 32, 195 P.3d 940 (2008). The State has a recognized interest in protecting children from harm. State v. Letourneau, 100 Wn. App. 424, 439, 997 P.2d 436 (2000). But a sentencing condition that affects the fundamental right to parent must be "sensitively imposed" so that it is "reasonably necessary to accomplish the essential needs of the State and public order." Warren, 164 Wn.2d at 32.

Here, the unchallenged findings establish Littlebear is an untreated sex offender who sexually molested eight-year-old W.D. The DOC Pre-Sentence Investigation report states, in pertinent part:

> [W.D.'s mother] said that Littlebear was WD's favorite person and like an uncle. The victim's mother said she was best friends with Littlebear's girlfriend and never would have fathomed he could hurt her daughter.

Littlebear's willingness to exploit his close relationship with W.D.'s mother and W.D. to molest W.D. raises serious concerns about the safety of his minor children. The court did not abuse its discretion in concluding, "It is a compelling state interest to protect children. . . . Limiting Mr. Littlebear's parental rights are reasonably necessary to

5

accomplish this essential need of the state." Further, as the State points out, the condition only applies until his children reach the age of majority.

Letourneau is inapposite. In Letourneau, we struck a community custody condition barring the defendant from having unsupervised contact with her minor children because there was no evidence that the defendant posed any danger to the children. Letourneau, 100 Wn. App. at 441-42.

We affirm.

WE CONCUR: